UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK J. WILLIAMS,

        Petitioner,

v.

JACK WARNER,

        Respondent.

CASE NO. 2:23-CV-00599-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: September 29, 2023

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Frederick J. Williams filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 3. The Court concludes the Petition is time-barred and recommends the Petition be **DISMISSED with prejudice**.

## I.     BACKGROUND

Petitioner was convicted of 10 counts of rape of a child and child molestation following a trial in 2011. The Court of Appeals of the State of Washington reversed Petitioner's conviction on December 17, 2012, concluding that the trial court erred in admitting evidence of Petitioner's prior child rape conviction under RCW 10.58.090. Dkt. 12 at Exhibit 2; *State v. Williams*, 172

Wash. App. 1027 (2012). Petitioner was retried and convicted in October 2014, and the trial court found that he was a persistent offender and sentenced him to a term of life without possibility of parole. Dkt. 12 at Exhibit 2. Petitioner challenged his conviction and sentence again, and the Washington Court of Appeals affirmed on June 13, 2016. *Id*. Petitioner filed a petition for review, which the Washington State Supreme Court denied on December 7, 2016. *Id.* at Exhibit 10.

Petitioner filed an application for a state collateral attack, a Personal Restraint Petition ("PRP"), on February 17, 2016. *See id*. at Exhibit 11. The Washington Court of Appeals stayed the PRP until the completion of Petitioner's direct appeal. *Id.* at Exhibit 11. Petitioner subsequently filed a motion to withdraw the PRP, which the court granted on December 31, 2018. *Id.* at Exhibit 17, 18. Petitioner filed a second and third PRP in June 2020 and March 2022, respectively, and the Washington Court of Appeals denied both as successive and untimely under state law. *Id.* at Exhibit 19, 21, 23, 26.

## II.    DISCUSSION

On April 20, 2023, Petitioner filed the instant Petition, as amended. Dkts. 1, 6. In response to the Petition, Respondent argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, and further argues Petitioner is not entitled to any form of tolling that would excuse the late filing. Dkt. 11 at 8-10. Respondent asks this Court to deny the Petition with prejudice. *Id.* at 11.

**A.    Statute of Limitations**

Pursuant to AEDPA, a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within

one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If, during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGuglielmo*, 544 U.S. 480, 410 (2005).

In state court, a direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Here, Petitioner filed a direct appeal challenging his conviction and sentence. Dkt. 12 at Exhibit 2. After the Washington Supreme Court denied review on December 7, 2016, *Id.* at Exhibit 10, Petitioner had ninety days to file a petition for writ of certiorari, which expired on March 7, 2017, making his judgment and sentence final. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment).

Normally, the AEDPA limitations period would begin running the day after the judgment became final. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Because Petitioner's first PRP was pending, however, the limitations period tolled pursuant to 28 U.S.C. § 2244(d)(2). The statute of limitations, therefore, stopped running from March 7, 2018, until December 31, 2018, the date on which Petitioner's PRP became final. Dkt. 12 at Exhibit 18. *See Carey v. Saffold,* 536 U.S. 214, 220 (2002) (an application remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures"); *Corjasso*, 278 F.3d at 879 (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his first PRP became final, Petitioner had 365 days remaining to file his federal Petition. In other

REPORT AND RECOMMENDATION - 3

1  words, Petitioner had until December 31, 2019, to file a timely federal habeas petition. Petitioner

2  did not file the instant Petition until April 20, 2023, over three years after the limitations period

3  expired.

4        Petitioner is not entitled to statutory tolling for his second or third PRPs. Section

5  2244(d)(2) allows for tolling when a "properly filed" state collateral attack is pending before the

6  state courts. *See Pace*, 544 U.S. at 410 (noting only a "properly filed" state collateral attack will

7  toll the AEDPA statute of limitations). However, an application for state relief from a conviction

8  "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws

9  and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). A

10  petitioner must observe all the "condition[s] to filing," such as submission of the filing fee and

11  timeliness of the petition, in order for an application for state relief to be "properly filed." *Pace*,

12  544 U.S. at 413.

13        Here, both the second and third PRPs were dismissed as untimely by the state supreme

14  court because they were filed outside the state's one-year statute of limitations. Dkt. 12 at

15  Exhibit 21, 26, 29. The Supreme Court has clearly stated an application for state post-conviction

16  relief that is dismissed as untimely is not "properly filed" for purposes of § 2244. *Pace*, 544 U.S.

17  at 414 ("When a postconviction petition is untimely under state law, that [is] the end of the

18  matter for purposes of § 2244(d)(2)") (internal quotations omitted). As Petitioner did not file the

19  instant Petition within one year of his judgment and sentence becoming final, the Court finds the

20  federal Petition is untimely.

21  **B.**    **Equitable Tolling**

22        The one-year statute of limitations governing federal habeas petitions is subject to

23  equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The

24

REPORT AND RECOMMENDATION - 4

Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance itself was—in fact—the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has failed to demonstrate that any extraordinary circumstances prevented him from filing a timely federal habeas petition. While he broadly alleges that his attorneys did not provide him with his case files, such unsubstantiated, conclusory allegations do not warrant equitable tolling. Dkt. 6 at 14; *Ramirez v. Carter*, 174 F. App'x 415, 416 (9th Cir. 2006) ("We agree with the district court that [the petitioner's] allegations were too 'vague and insufficient' to justify tolling because [he] did not specify the time period during which he was denied access to legal materials.").

//

//

**C.      New Evidence**

Petitioner also contends that, because his claim is based on newly discovered evidence, he is exempt from the one-year statute of limitations. Dkt. 6 at 15. Section 2244(d)(1)(D) provides that the one-year period does not commence until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). According to Petitioner, the newly discovered evidence includes (1) a Child Protective Services (CPS) report with information about one of the victims; (2) Petitioner's sex offender registration from his previous conviction; and (3) the testimony of Petitioner's employer and landlord. Dkt. 6 at 6. Petitioner argues this evidence would undermine the testimony of the state's witnesses but does not explain when or how he discovered the evidence. *Id.*

Petitioner previously advanced this same argument in his second PRP, however, and the state Court of Appeals discussed the evidence when it dismissed the petition in an October 2020 order:

> The "newly discovered evidence" Williams provides consists of: (1) a sex offender registration form dated October 2001 and (2) a May 2000 Child Protective Services law enforcement report dated May 2000. He contends that the dates and addresses on these documents prove that one of the victims lied at trial about how old she was when the abuse began, thereby casting doubt on her veracity. But Williams has not shown that these documents were discovered after the trial or that they could not have been discovered before trial by due diligence. To the contrary, the sex offender registration form bears his signature.
>
> Williams also provides as "newly discovered evidence" the names of several prospective defense witnesses who did not testify at trial, including himself. But Williams was aware of these individuals prior to trial, and it is unknown whether their testimony would be favorable to him.

Dkt 12 at Exhibit 21.

REPORT AND RECOMMENDATION - 6

Even if this Court disagreed with the above and found that Petitioner was somehow unaware of this evidence throughout trial, he was clearly aware of it at least as early as he filed his second PRP in June 2020, nearly three years before he filed the instant Petition. Dkt. 12 at Exhibit 19.

Therefore, Petitioner has failed to show he is entitled to equitable tolling or that he brings new evidence that could not have been discovered by due diligence. The Petition is barred by the § 2244 limitations period.

### III.   EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V.   CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after Petitioner's first PRP became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be **DISMISSED with Prejudice**. No evidentiary hearing is required and a certificate of appealability should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 11th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge